IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHARLES BERNARD ROBINSON, JR.,
     Plaintiff,

vs.                   Case No. 3:11cv560/LC/CJK

R. TIFFT, et al.,
     Defendants.

---

## REPORT AND RECOMMENDATION

This cause is before the Court upon plaintiff's second amended civil rights complaint filed under 42 U.S.C. § 1983. (Doc. 10). The Court has reviewed the complaint and concludes that this case should be dismissed for failure to state a claim.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate of the Florida Department of Corrections currently confined at Santa Rosa Correctional Institution ("Santa Rosa CI"). Plaintiff is suing three prison officials at Santa Rosa CI: Warden Tifft, Sergeant Grant and Correctional Officer Barfield. Plaintiff's claims arise out of Grant's and Barfield's use of chemical agents on plaintiff on July 13, 2011. (Doc. 10, pp. 1-2, 5-6). Plaintiff alleges that while Barfield was conducting a security check of plaintiff's Close Management housing unit on July 13, 2011, plaintiff requested several times to see a mental health counselor. After Barfield ignored plaintiff's

requests, plaintiff declared a psychological emergency, informing Barfield that he was unable to sleep due to the death of a family member. (*Id*., p. 5). Defendant Barfield again ignored plaintiff. Plaintiff then stood on his toilet facing his cell door and threatened to "pop the fire suppression system." (*Id*.). Defendants Barfield and Grant responded by spraying chemical agents into plaintiff's cell. Plaintiff states that the chemical agents "splashed into the Plaintiff's eyes causing involuntary closing and burning sensation, which blinded the Plaintiff temporarily." (*Id*., p. 6). Plaintiff was charged with and convicted of a disciplinary infraction for Tampering with a Safety Device. Defendant Tifft denied plaintiff's appeal of the DR, but the Secretary's Office overturned the conviction. (*Id*., pp. 6-6A and Attach.). Plaintiff claims Barfield's and Grant's use of chemical agents was excessive and violated the Eighth and Fourteenth Amendments. (*Id*., p. 7). Plaintiff further asserts that Barfield's failure to act on plaintiff's declaration of a psychological emergency violated the Americans with Disabilities Act, because plaintiff has "Depressive Disorder." (*Id*., p. 6A). Plaintiff seeks to hold defendant Tifft liable for Grant's and Barfield's allegedly unconstitutional use of force, because Tifft denied plaintiff's appeal of the disciplinary conviction and failed to penalize Barfield and Grant. (*Id*., pp. 6A-6B). As relief, plaintiff seeks $150,000 from each defendant "for the Plaintiff's 'MENTAL OR EMOTIONAL INJURY'"; $150,000 in compensatory damages and $150,000 in punitive damages. (*Id*., p. 7). Plaintiff also seeks injunctive relief – that the Court issue "federal indictments" against the defendants and order that each dormitory wing be continuously monitored with audio and video recording equipment. (*Id*., pp. 7-7B).

DISCUSSION

The *in forma pauperis*, 28 U.S.C. § 1915, requires the Court to dismiss this case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The Court must read plaintiff's *pro se* allegations in a liberal fashion.  *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  The Court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff.  *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).  The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).  A complaint is also subject to dismissal for failure to state a claim when its allegations, on their face, show that an affirmative defense bars recovery on the claim.  *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007) (reiterating that principle).

It is apparent from the face of plaintiff's second amended complaint that plaintiff's claims for money damages are barred by statute.  The Prison Litigation

Reform Act ("PLRA") provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).  "[T]he phrase 'Federal civil action' means all federal claims, including constitutional claims."  *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002).  This action, brought by plaintiff under 42 U.S.C. § 1983 and the Americans with Disabilities Act, is a "Federal civil action" under this definition.  It is evident from the face of plaintiff's pleadings that plaintiff was a prisoner at the time he filed this action, and that the harm complained of occurred while plaintiff was in custody.  Plaintiff's damages claims are based on the mental and emotional injury he suffered as a result of defendants' conduct, and/or the fact of the alleged constitutional violation itself (divorced from any mental or emotional injury plaintiff suffered).  Plaintiff's allegations – that the chemical agents caused "involuntary closing and burning sensation, which blinded the Plaintiff temporarily" (doc. 10, p. 6), do not reasonably support an inference that plaintiff suffered more than *de minimis* physical injury.  Plaintiff is prohibited under the PLRA from bringing his claims for damages.  *Harris v. Garner*, 190 F.3d 1279, 1287-88 (11th Cir. 1999) ("*Harris I*"), *vacated in part and reinstated in part on reh'g*, 216 F.3d 970 (11th Cir. 2000) (en banc) ("*Harris II*") (affirming district court's dismissal, under 42 U.S.C. § 1997e(e), of prisoners' compensatory and punitive damages claims arising from prison officials' alleged unconstitutional conduct, where prisoners alleged no physical injury arising from that conduct); *Al-Amin v. Smith*, 637 F.3d 1192 (11th Cir. 2011) (holding that "the overall tenor of *Harris* and its progeny, when taken together, unmistakably supports" the conclusion that § 1997e(e) applies to constitutional claims and

precludes the recovery of compensatory and punitive damages in the absence of the requisite physical injury).  This conclusion is consistent with the rulings of this Court and other federal courts that have addressed similar injuries resulting from the application of pepper spray or similar chemical agents.  *See Kornagay v. Burt*, No. 3:09cv281/LC/EMT, 2011 WL 839496 (N.D. Fla. Feb 08, 2011) (citing cases), *Report and Recommendation adopted*, 2011 WL 855619 (N.D. Fla. Mar 09, 2011); *Beecher v. Jones*, No. 3:08cv416/MCR/EMT, 2010 WL 5058555, at *5-6 (Oct. 29, 2010), *Report and Recommendation adopted*, 2010 WL 5055991 (N.D. Fla. Dec. 6, 2010) (finding that prisoner who alleged no physical injury arising from use of chemical agents failed to show requisite physical injury under § 1997e(e)); *Jennings v. Mitchell*, 93 F. App'x 723, 725 (6th Cir. 2004) (finding that prisoner who suffered the discomfort of pepper spray had shown only *de minimis* injury, insufficient to satisfy § 1997e(e)); *Palmer v. Walker*, No. 2:09cv401, 2011 WL 836928, at *8 (M.D. Fla. Mar. 9, 2011) (finding that prisoner who suffered temporary eye irritation as the result of application of chemical agents failed to show more than a *de minimis* physical injury under § 1997e(e)).  Plaintiff's damages claims should be dismissed.

It is also apparent from the face of plaintiff's second amended complaint that plaintiff fails to state a plausible claim for the injunctive relief he seeks.  In *Thomas v. Bryant*, 614 F.3d 1288 (11th Cir. 2010), the Eleventh Circuit set forth the prerequisites for obtaining injunctive relief:

> To obtain a permanent injunction, a party must show: (1) that he has prevailed in establishing the violation of the right asserted in his complaint; (2) there is no adequate remedy at law for the violation of this right; (3) irreparable harm will result if the court does not order injunctive relief; and (4) if issued, the injunction would not be adverse to the public interest.  In addition to ensuring that injunctive relief was

necessary under this standard, we must also ensure that the scope of the awarded relief does not exceed the identified harm.  In the context of prison litigation, we must also consider the requirements of the Prison Litigation Reform Act, 18 U.S.C. § 3626 ("PLRA"), which establishes standards for the entry and termination of prospective relief in civil actions challenging prison conditions.  The PLRA mandates that injunctive relief is only appropriate where it "is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  18 U.S.C. § 3626(a)(1)(A).

*Id*. at 1317-18 (internal quotation marks and case citations omitted).  Even if plaintiff could prevail on the merits of his claims (which he cannot for the reasons discussed below), his requests for continuous audio and video recording in every dormitory, and for the defendants to be charged with unidentified federal crimes is not narrowly tailored to plaintiff's identified harm of being sprayed with a chemical agent. Plaintiff cannot obtain the injunctive relief he seeks.

Even if plaintiff modified his demand for relief, this case would be subject to dismissal because plaintiff's allegations fail to state a plausible claim under the Eighth Amendment or the ADA.  "The Eighth Amendment's proscription of cruel and unusual punishments . . . governs prison officials' use of force against convicted inmates."  *Campbell v. Sikes*, 169 F.3d 1353, 1374 (11th Cir. 1999).  "[I]n making and carrying out decisions involving the use of force to restore order in the face of a prison disturbance, prison officials undoubtedly must take into account the very real threats the unrest presents to inmates and prison officials alike, in addition to the possible harms to inmates against whom force might be used."  *Whitley v. Albers*, 475 U.S. 312, 320, 106 S. Ct. 1078, 1084, 89 L. Ed. 2d 251 (1986).  Thus, "[w]here a prison security measure is undertaken to resolve a disturbance, . . . that indisputably

poses significant risks to the safety of inmates and prison staff, . . . the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id*. at 320-21, 106 S. Ct. at 1085 (internal quotation marks omitted).

The Supreme Court articulated this standard for determining whether prison officials are entitled to judgment as a matter of law on an excessive force claim:

> [C]ourts must determine whether the evidence goes beyond a mere dispute over the reasonableness of a particular use of force or the existence of arguably superior alternatives.  Unless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain under the standard we have described, the case should not go to the jury.

*Id*. at 322, 106 S. Ct. at 1085.  The Supreme Court outlined five factors relevant to ascertaining whether force was used "maliciously and sadistically for the very purpose of causing harm":  (1) the extent of the injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them.  *Campbell*, 169 F.3d at 1375 (*citing Whitley*, 475 U.S. at 321, 106 S. Ct. at 1085); *see also Hudson v. McMillian*, 503 U.S. 1, 7, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992) (applying the same five factor test set forth in *Whitley* ).

Viewing plaintiff's second amended complaint in the light most favorable to him, plaintiff's allegations establish that there was a need for defendants Barfield and Grant to use limited force in order to subdue plaintiff, who had threatened to "pop the

fire suppression system" and was physically poised to follow through with his threat. The fact that plaintiff was not actually touching the fire suppression system (doc. 10, p. 5), or that plaintiff's DR for tampering with a safety device was overturned (*id.*, p. 6), does not alter this conclusion or diminish the need for force.  Barfield and Grant ceased to use force once plaintiff was subdued, demonstrating not that they were acting maliciously intending to cause harm, but rather acting in good faith to restore order.  Moreover, plaintiff's injuries reflect a minimal amount of force as plaintiff suffered only temporary eye irritation.   Barfield's and Grant's spraying of plaintiff with chemical agents cannot plausibly be viewed as excessive, or as used "maliciously and sadistically for the very purpose of causing harm."   Plaintiff's Eighth and Fourteenth Amendment claims against Barfield and Grant for their use of chemical agents should be dismissed, as should plaintiff's claim against Tifft for failing to remedy or penalize Barfield's and Grant's conduct.

Plaintiff further fails to state a plausible claim under the American with Disabilities Act (ADA).  Plaintiff claims defendant Barfield violated the ADA when he ignored plaintiff's requests for mental health counseling.  (Doc. 10, p. 6A).  Title II of the ADA provides in pertinent part:

> no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the Services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132.  A viable ADA claim requires the plaintiff to allege: (1) that he is a "qualified individual with a disability;" (2) that he was "excluded from participation in or . . . denied the benefits of the services, programs, or activities of a public entity" or otherwise "discriminated [against] by such entity;" (3) "by reason

Case 3:11-cv-00560-LC-CJK   Document 20   Filed 06/01/12   Page 9 of 9

of such disability." *Shotz v. Cates*, 256 F.3d 1077, 1079 (11th Cir. 2001).  The ADA applies to state prisoners.  *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 212, 118 S. Ct. 1952, 141 L. Ed. 2d 215 (1998).   Even assuming, without deciding, that plaintiff's "depressive disorder" qualifies him as disabled under the ADA, plaintiff's allegations do not remotely suggest that defendant Barfield denied plaintiff mental health counseling <u>because of</u> plaintiff's disability.

Accordingly, it is respectfully RECOMMENDED:

1.  That this action be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

2.  That the Clerk be directed to close the file.

At Pensacola, Florida this 1st day of June, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


<u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:11cv560/LC/CJK*